917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teresa Lynn Lee CREIGHTON, a/k/a Teresa Lynn Lee,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teresa Lynn Lee CREIGHTON, a/k/a Teresa Lynn Lee, Defendant-Appellant.
 Nos. 90-5647, 90-5648.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 8, 1990.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-54, CR-87-57)
 Jo Lynne Nugent, McCamic & McCamic, Wheeling, W.Va., for appellant.
 Martin Patrick Sheehan, Assistant United States Attorney, Wheeling, W.Va. (Argued), for appellee; William A. Kolibash, United States Attorney, Wheeling, W.Va., on brief.
 N.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before CHAPMAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant challenges the sentences imposed when she committed an offense while she was on probation for two prior offenses. Teresa Creighton was sentenced on September 29, 1988, following a plea of guilty to one count of conspiracy to forge and utter a United States Treasury check in violation of 18 U.S.C. Sec. 371. She was sentenced to three years in prison and ordered to make restitution of $139.72. On March 1, 1989, she filed a motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35, and on March 23 of that year the district court granted a reduction and "ORDERED that the Defendant's sentence be, and hereby is, REDUCED to time served and that Defendant be placed on probation for a period of five (5) years."
 
 
 2
 On May 31, 1989, the defendant entered a plea of guilty to one count of misapplication of student loan funds in violation of 20 U.S.C. Sec. 1097(a), and on July 25 of that year she was sentenced to five years in prison to be served consecutively with the first sentence and was ordered to pay restitution of $2,941.68. The execution of the sentence of imprisonment was suspended and she was placed on probation for five years. While on probation, appellant distributed cocaine within 100 feet of a playground in violation of 21 U.S.C. Secs. 841(a) and 845a(a), and on February 27, 1990, she entered a plea of guilty to this offense. After a hearing to revoke probation, the court imposed the following sentence:
 
 
 3
 [IT IS] ORDERED that the probation of defendant, in both cases, is hereby revoked. It is further
 
 
 4
 ORDERED that the three-year term of imprisonment imposed by a Judgment and Commitment Order of this Court on October 6, 1988 is reinstated and the defendant, Teresa Lynn Lee Creighton, is remanded to the custody of the Attorney General for a period of three (3) years, less time served from September 29, 1988 to March 24, 1989, a period of 177 days, and from January 31, 1990 to April 17, 1990, a period of 77 days, on the revocation of probation in Criminal No. 87-57-03. It is further
 
 
 5
 ORDERED that the five-year term of imprisonment imposed, but suspended in favor of probation by a Judgment and Commitment Order dated July 25, 1989 in Criminal No. 89-54-01 is hereby reinstated and defendant is remanded to the custody of the Attorney General for a period of five (5) years to be served consecutively to the sentence imposed at Criminal No. 87-57-03.
 
 
 6
 Appellant argues that the district court erred in reimposing the original sentence of three years, which was imposed on September 29, 1988, and for which the reduction of sentence under Rule 35 was granted on March 23, 1989, reducing her sentence to time served. The appellant is correct. After the first sentence had been reduced to the time served, that sentence of imprisonment had ended. The crime resulting in the sentence of September 29, 1988, was committed before the federal Sentencing Guidelines went into effect and the Guidelines do not govern a sentence upon the revocation of her probation. This matter is controlled by 18 U.S.C. Sec. 3653, which covers revocation of probation. In pertinent part the statute provides:
 
 
 7
 As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
 
 
 8
 The government argues that the plain language of the statute clearly authorizes the imposition of any term which could have originally been imposed, but this misreads the statute. Creighton's sentence of September 28, 1988, had been completely served by the terms of the Rule 35 order which reduced that sentence to time served. Such sentence had not been suspended, it had been ended. Therefore, the three year term of imprisonment imposed as a result of the revocation of probation in Criminal No. 87-57-03 must be vacated.
 
 
 9
 The execution of the sentence given on July 25, 1989, was suspended, so the court on revocation of probation had the authority under Sec. 3653 to impose the five (5) year sentence, and this was done.
 
 
 10
 Teresa Creighton was sentenced to 21 months upon her plea of guilty to the cocaine offense in February 1990, and this sentence was consecutive to the sentences given at the time of revocation of probation. Appellant contends that the district court abused its discretion in ordering the sentences to run consecutively rather than concurrently and claims that the court did not consider the elements set forth in 18 U.S.C. Sec. 3553(a). She claims that she is the mother of two children, lives on welfare and in public housing, that there was no violence involved in her crimes, no victims, and that the sentences will take her away from her children during their formative years.
 
 
 11
 It is obvious from the record that the court gave thorough consideration to matters relevant to sentencing. The judge went into great detail in explaining to appellant Creighton what the court had done or attempted to do for her in connection with her previous offenses. These prior attempts at rehabilitation through probation had not been successful. We find no abuse of discretion by the trial judge in failing to run the sentences concurrently.
 
 
 12
 Therefore, the three-year sentence imposed at the time of revocation of probation under Criminal No. 87-57-03 must be vacated. The other sentences are affirmed.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.